UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALBERTHA GARRETT** | * | **CIVIL ACTION NO. 2:07-cv-01975** |
| **Plaintiff** | * | **JUDGE HAIK** |
| **VERSUS** | * | **MAGISTRATE JUDGE METHVIN** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL** | * | |

**STATEMENT OF UNCONTESTED FACTS
IN SUPPORT OF MOTION IN LIMINE/MOTION TO
EXCLUDE COST CONTROL ESTIMATE**

1. Plaintiff's property was insured under a policy of insurance issued by State Farm with dwelling coverage in the amount of $93,662.00, dwelling extension coverage in the amount of $9,366.00, and contents coverage in the amount of $65,564.00.

2. In connection Jury Trial scheduled for July 20, 2009, Plaintiff has listed Kermith Sonnier of Cost Control Services, as an expert witness.

3. Cost Control inspected Plaintiff's residence for the first time in September of 2007, and prepared a single estimate dated September 20, 2007.

4. Kermith Sonnier, the sole Cost Control representative listed by Plaintiff as an expert witness, did not conduct the September 2007 inspection.

5. Tommy Greenlee, an employee of Cost Control, conducted the September 2007 inspection that is the basis for, and is the one who prepared, the estimate that is the subject of this Motion.

1

6. Plaintiffs have not listed, and do not intend to call, Tommy Greenlee as a witness at trial.

7. Kermith Sonnier has not inspected the residence that is the subject of this litigation as of the date of the filing of this Motion.

8. There have been no supplemental estimates produced by Plaintiff as a result of any inspection by Kermith Sonnier.

9. State Farm inspected the subject residence four times - on November 11, 2005, January 5, 2006, June 8, 2006 and August 28, 2007, all before Cost Control ever laid eyes on the subject property.

10. On March 13, 2006, the insured contacted the Claims Office indicating that she was going to Houston.

11. Plaintiff advised the claims office that her "contractor did not do her right."

12. On March 15, 2006, the insured came into the Claims Office advising again of concern about the contractor doing work on her home.

13. The claims representative explained to Plaintiff that State Farm had no control over the contractors who do the work at her house, or the materials that they use.

14. Plaintiff also complained about additional damages being caused to her home as a result of the work being done by the contractor. Plaintiff was advised to get her contractor to give her a supplemental estimate and that if it was different than State Farm's previous estimates, the property could be re-inspected with a contractor.

15. On March 16, 2006, Plaintiff called the claims office, at which time Erik Christiansen, a claims adjuster, contacted Plaintiff.

16. Plaintiff specifically advised about damages caused by her contractor's workmanship.

17. A church group performed work on the subject residence.

18. Plaintiff counsel has confirmed that a church group had in fact performed some work at the subject property.

19. Undersigned has requested that Plaintiff update her responses to discovery to provide the specifics related to this work. Plaintiff has failed to update the responses to provide a single invoice for work actually performed at subject residence, whether by the church group, any contractor, or any other person or other entity.

20. Plaintiff never made a single complaint about any damage to the siding on her home and none was discovered on any of the inspections of Plaintiff's property, two of which occurred with Plaintiff's own contractors.

21. Cost Control estimated $113,218.65 in exterior damage at Plaintiff's residence, $109,450.71 of which is for the removal and replacement of asbestos siding, none of which was ever alleged to be damaged by Hurricane Rita.

22. The asbestos siding at the subject property was removed and at least partially replaced before Cost Control ever inspected the property.

23. the asbestos siding has now been completely removed, and replaced with a different type of siding.

24. Mr. Sonnier is an adjuster and the sole owner of Cost Control, who makes his living evaluating the **cost** to repair damage to properties like the Garrett home.

25. Mr. Sonnier is **not** qualified to testify about the **cause** of such damages.

26. Mr. Sonnier has admitted under oath that when he is contacted to prepare an estimate, his duties consist of going out to the property to "scope the damage, talk to the insured, see what they tell you, and write what you see that's damaged

27. He has admitted in deposition that in making the decision as to what is hurricane-related and what is not, he first lets the insured tell him what the insured believes was caused by the hurricane and then he, or another adjuster, looks only at the damaged property to determine if anything else appears to be storm-related.

28. Mr. Sonnier has admitted that there is often uncertainty and doubt surrounding the **cause** of certain items of damage.

29. Mr. Sonnier has testified that "if the slab was cracked or the bricks would be cracked, you know, sometimes you have a doubt about that part."

30. Mr. Sonnier lacks any training, education, or specialized knowledge regarding wind loads, weather patterns, exertions of force on structures, or any other scientific or technical knowledge that would make his testimony on the subject of causation reliable.

31. Mr. Sonnier is "a carpenter by trade."

32. Mr. Sonnier's highest level of formal education is high school.

33. Even before he graduated from high school he began training as a carpenter and worked in that trade the majority of his life.

34. In the late 1970s he began doing adjusting work and continues to work in that field to this day.

35. Mr. Sonnier has explained his role as an "estimator" as essentially just following the "blueprint" of damages found by a licensed engineer, who is ultimately "the man who put[s] the seal on it."

36. Mr. Sonnier has never been trained or worked as an engineer, a physicist, a meteorologist, or in any other field that would support testimony as to the cause of damage to a structure.

Respectfully submitted,

STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK, L.L.P.

BY:  s/ Todd M. Ammons
TODD M. AMMONS
La. Bar Roll No. 21441
One Lakeside Plaza, 4th Floor
Chase Building
P.O. Box 2900
Lake Charles, LA  70602

Attorneys for State Farm Fire and Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2009 a true and correct copy of the within and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following by operation of the court's electronic filing system.

Jackie South
501 Broad St.
P. O. Box 3010
Lake Charles, LA 70602

Attorney for Plaintiff, Albertha Garrett.

 s/ Todd M. Ammons
TODD M. AMMONS

I:\DOCS\Lit\6994\27276\Pldg\Statement.Uncontested.Facts.Limine.4.27.09.doc