**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE - OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **ALBERTHA GARRETT** | * | **CIVIL ACTION NO. 2:07-CV-1975** |
| | * | |
| **Versus** | * | **JUDGE RICHARD HAIK** |
| | * | |
| **STATE FARM FIRE AND** | * | |
| **CASUALTY COMPANY** | * | **MAGISTRATE JUDGE METHVIN** |

*****************************************************************************

## PLAINTIFF'S RESPONSE TO STATE FARM FIRE & CASUALTY COMPANY'S MOTION IN LIMINE/MOTION TO EXCLUDE

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Albertha Garrett, who for her response to State Farm Fire & Casualty Company's Motion in Limine/Motion to Exclude states as follows:

BACKGROUND

The Plaintiff's, Albertha Garrett's ("Garrett") home located at 1901 9th Street, Lake Charles, Louisiana, sustained extensive damage as a result of Hurricane Rita on or about September 24, 2005.  Garrett, who is 72 years old and suffers from poor health, filed a claim with her insurer, State Farm Fire and Casualty Company ("State Farm") on or about October 2, 2005.  State Farm failed to tender fair and reasonable amounts due under it's contract.  Trial on this matter is set for July 20, 2009.

In November, 2007, Cost Control Services, LLC ("Cost Control") was retained to estimate the damages caused by Hurricane Rita to Garrett's residence.  Cost Control is a claims estimating company located in Lake Charles, Louisiana.  Kermith Sonnier ("Sonnier") is the owner of Cost Control.  Sonnier has several estimators with whom he contracts to inspect and prepare damage estimates on a regular basis.  Tommy Greenlee is one of these estimators.

### A.  Kermith Sonnier is qualified to Testify.

Defendant seeks to exclude the testimony of Sonnier in this matter on the basis that Sonnier did not perform the initial inspection of Garrett's residence. Defendant's argument is without merit.

Sonnier's qualifications include:

(1) over fifteen (15) years in the construction business, beginning as a carpenter and eventually as a contractor building residences and apartment complexes;

(2) over eighteen (18) years as an estimator/adjuster for insurance companies;

(3) over ten (10) years as a public adjuster/estimator; and

(4) he is a licensed public adjuster in Oklahoma, Florida, Texas and Louisiana.[1]

Further, Sonnier has been accepted as an expert and testified in court in the field of insurance adjusting and estimating claims on at least four (4) occasions.[2] No court has ever limited or rejected Sonnier's testimony in these fields.[3] Clearly, Sonnier is qualified to testify as an expert in the field of estimating/adjusting insurance claims such as the instant cause.

Defendant makes much of the fact that Sonnier's contract estimator, Tommy Greenlee, did the initial inspection of Garrett's home and prepared the November 20, 2007 Cost Control estimate. It is standard in the industry for an adjuster to rely on estimators to inspect and prepare estimates based on their inspection of structures.[4] This does not

---

[1] See affidavit of Kermit Sonnier attached hereto as Exhibit "A".

[2] See affidavit of Kermit Sonnier attached hereto as Exhibit "A".

[3] See affidavit of Kermit Sonnier attached hereto as Exhibit "A".

[4] See affidavit of Kermit Sonnier attached hereto as Exhibit "A".

preclude adjusters such as Sonnier from forming and rendering opinions on damage to structures and estimating the cost of repairing the same. In the instant case, Sonnier will base his opinion regarding the damages to Garrett's home on his years of experience in the construction and insurance adjusting businesses, the Cost Control Services, State Farm estimates and his own inspection of the Garrett home.

It is standard in the industry for adjusters to review and rely on estimates and documents prepared by people other than themselves. In fact, if Sonnier were to testify without reviewing and comparing State Farm's estimates, he would be remiss. To say that Sonnier can not rely on an estimate prepared by Tommy Greenlee, his contract estimator, makes no more sense than saying Sonnier can not rely on or review State Farm's estimates. Clearly, Sonnier can review, rely on and compare State Farm and Tommy Greenlee's estimates in forming the basis for his opinion regarding the damages to Garrett's home. Plaintiff respectfully suggests that defendant's motivation for seeking to exclude Sonnier's testimony and the Cost Control report is the fact that they have not deposed Sonnier and the deadline for doing so has passed.

It is correct that Mr. Sonnier is not an engineer; he is not offered as an expert in engineering. However, he has spent over forty (40) years in the construction/insurance adjusting business.[5] Over twenty eight (28) of those years have been spent adjusting damage to structures caused by tornadoes, earthquakes and hurricanes with an emphasis on hurricanes.[6] In this regards, Sonnier has adjusted over 900 claims for damage caused by hurricanes during his career as an adjuster.[7] This necessarily involves the ability to

---

[5] See affidavit of Kermit Sonnier attached hereto as Exhibit "A".

[6] See affidavit of Kermit Sonnier attached hereto as Exhibit "A".

[7] See affidavit of Kermit Sonnier attached hereto as Exhibit "A".

make determinations regarding the cause of said damage.[8]   Without this ability, any and every estimate of damage would be unreliable.

     WHEREFORE, for all the foregoing reasons, Plaintiff, Albertha Garrett, respectfully requests that Defendant's Motion in Limine/Motion to Exclude the testimony of Kermith Sonnier and the Cost Control Services Report be denied.

                                         Respectfully submitted,

                                         LUNDY, LUNDY, SOILEAU & SOUTH LLP

                                         /s/ Jackey W. South
                                         HUNTER W. LUNDY, #8938
                                         JACKEY W. SOUTH, #21125
                                         LUNDY, LUNDY, SOILEAU & SOUTH, LLP
                                         501 Broad Street
                                         P.O. Box 3010
                                         Lake Charles, LA 70602
                                         (337) 439-0707 - Telephone
                                         (337) 439-1029 - Facsimile

---

[8] See affidavit of Kermit Sonnier attached hereto as Exhibit "A".

**CERTIFICATE OF SERVICE**

     I hereby certify that on May ____, 2009, a copy of the foregoing Plaintiff's Response to State Farm Fire & Casualty Company's Motion in Limine/Motion to Exclude was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record:

Todd M. Ammons tmammons@ssvcs.com, cbjenigan@ssvcs.com, jblavergne@ssvcs.com
David L. Morgan  dlmorgan@ssvcs.com, klcormier@ssvcs.com

                                                  /s/ Jackey W. South
                                                JACKEY W. SOUTH, #21125
                                                LUNDY, LUNDY, SOILEAU & SOUTH, LLP
                                                501 Broad Street
                                                P.O. Box 3010
                                                Lake Charles, LA 70602
                                                (337) 439-0707 - Telephone
                                                (337) 439-1029 - Facsimile