# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALBERTHA GARRETT** | * | **CIVIL ACTION NO. 2:07-CV-1975** |
| **Plaintiff** | * | **JUDGE HAIK** |
| **VERSUS** | * | **MAGISTRATE METHVIN** |
| | * | |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## STATE FARM'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE UNCONTESTED FACTS

MAY IT PLEASE THE COURT:

State Farm respectfully submits the following Memorandum, with attached exhibits in Opposition to Plaintiff's Motion to Strike State Farm's Statement of Uncontested Facts submitted in support of the Motion in Limine.

## LAW AND ARGUMENT

Instead of simply responding to State Farm's Motion in Limine and the undisputable and uncontestable facts upon which the Motion is based, Plaintiff moves to strike State Farm's Statement on Uncontested Facts, arguing (1) that the use of a Statement in the context of a Motion in Limine is procedurally improper in the context of a Motion in Limine, and (2) that there is no basis for the uncontested facts set forth therein.  Plaintiff also asserts that the Motion in Limine is a "backdoor approach" at attempting to get the Court to address issues raised in a recent Motion for Summary Judgment filed by State Farm.

1

a.      <u>**State Farm's Prior Motion for Summary Judgment**</u>

The Motion for Summary Judgment sought dismissal, or alternatively, the limiting of Plaintiff's bad faith claims, whereas the subject Motion in Limine seeks to exclude an estimate from Cost Control that is based on an inspection of the subject property that occurred two years after Hurricane Rita, where significant amounts of work had been done to the property between Hurricane Rita and the time on inspection, when Plaintiff admits that additional damage had occurred to the property between Hurricane Rita and the time that the Cost Control inspection occurred and the subject estimate was prepared, and Plaintiff counsel has not listed the person who has inspected the property and prepared and the subject estimate as a witness at trial.

The Motion in Limine also seeks to exclude Kermith Sonnier from testifying on the basis that although the discovery deadline has passed, he has not yet inspected the subject property and prepared his own estimate, significant amounts of work have been done to the property between Hurricane Rita and present, Plaintiff admits that additional damage had occurred to the property between Hurricane Rita and the time the Cost Control inspection occurred and the subject estimate was prepared, Sonnier did not prepare the estimate that is the subject of this Motion, and Sonnier has no personal knowledge of the subject property and its condition following Hurricane Rita.

The issues of whether the Cost Control estimate should be admitted and whether Kermith Sonnier should be allowed to testify are properly the subject of a Motion in Limine/Daubert Motion, and were not the issues presented for disposition in State Farm's Summary Judgment. Therefore, Plaintiff's attempt to convince this Court not to consider the subject Motion in Limine/Daubert Motion should, respectfully, be disregarded.

**b.**      <u>**Statement of Uncontested Facts as a Procedural Tool**</u>

In an effort to save judicial resources and not burden this Honorable Court with voluminous exhibits, State Farm submitted a Statement of Uncontested Facts in Support of the subject Motion in Limine.  Instead of cooperating with this effort, Plaintiff neither disputes nor agrees to the undisputed, uncontested, indisputable and uncontestable facts as set forth in State Farm's Statement on Uncontested Facts, but has filed a Motion to Strike.  Such a Motion is completely without basis, and has only been filed because counsel knows that each and every fact set forth in the Statement of Uncontested Facts is 100% accurate, and cannot be contested.

For example, why would counsel not agree to the date the Cost Control estimate, or simply agree that the property was inspected by Cost Control for the first time in September of 2007, when Counsel's own documents reflect as much?  Why would Counsel not agree that Tommy Greenlee is the only person from Cost Control who has inspected the subject property, and that Tommy Greenlee was the Cost Control representative that prepared the subject estimate, when her own documents and the affidavit of Kermith Sonnier reflect as much?  (R. Doc. 29).

Undersigned admits that the Federal Rules of Civil Procedure do not specifically provide for the use of a Statement of Uncontested Facts in the context of a Motion in Limine.  However, Counsel for Plaintiff must likewise acknowledge that the Rules do not prohibit the use of such a tool in support of such a motion.  Both the expert report and the proposed testimony of Plaintiff's proposed expert are subject to challenge under *Daubert*.  The methodology pertaining to basis of the report and of the opinions of the proposed witness are at issue.  State Farm respectfully submits that in this particular context, where the State Farm has respectfully called upon this Honorable Court to decide (1) whether an expert report (a public adjuster's estimate) should be admitted into evidence, and (2) whether a proposed expert insurance adjuster may testify at trial,

the party seeking to introduce such evidence has the burden of showing the court that the report/testimony meets the rigorous standards of admissibility under the Federal Rules of Evidence. *Bourjaily v. United States,* 483 U.S. 171, 175 (1987); *Mathis v. Exxon Corp.,* 302 F.3d 448, 459 (5th Cir. 2002). Since Plaintiff has the burden of demonstrating that the subject estimate and testimony are admissible, State Farm was not required to come forth with any evidence in support of its motion. Thus, while not specifically provided for in the Federal Rules of Civil Procedure, State Farm respectfully asserts that the Statement of Uncontested Facts is completely appropriate in this context, and Plaintiff must come forth and meet her burden of proving that the proposed report and testimony are admissible.

     c.     **<u>The Statement of Uncontested Facts are True and Correct.</u>**

Plaintiff has admitted, much of the information contained in the subject Statement of Uncontested Facts by way of Responses to Request for Admissions and Affidavit of Kermith Sonnier.

There is no question regarding the following:

Cost Control inspected Plaintiff's residence for the first time in September of 2007, and prepared a single estimate dated September 20, 2007. See Cost Control estimate dated September 20, 2007 attached hereto as Exhibit "D-1";

Kermith Sonnier, the sole Cost Control representative listed by Plaintiff as an expert witness, did not conduct the September 2007 inspection. See Exhibit "D-1", listing Tommy Greenlee as the estimator that prepared the estimate. See also the Affidavit of Kermith Sonnier confirming that Tommy Greenlee was the person who inspected the subject property. Paragraph 12. (R. Doc. 29, ¶ 12);

Tommy Greenlee, an employee of Cost Control, conducted the September 2007 inspection that is the basis for, and is the one who prepared, the estimate that is the subject of this Motion.  See Exhibit "D-1".  See also the Affidavit of Kermith Sonnier. (R. Doc.29, ¶ 12);

Plaintiff has not listed, and does not intend to call, Tommy Greenlee as a witness at trial. See Rule 26(f) Report, R. Doc. 13; See also Plaintiff's correspondence dated December 18, 2008 setting forth Kermith Sonnier as the sole expert to be called at trial in this matter attached hereto as Exhibit "D-2";

State Farm inspected the subject residence four times - on November 11, 2005, January 5, 2006, June 8, 2006 and August 28, 2007, all before Cost Control ever laid eyes on the subject property. See R. Doc. 23-6, P. 22 of 40, entry no. 13; R. Doc. 31-3; P.17 of 40, entry no. 44, Response to Request for Admission Nos. 8, 16; P. 9 of 40, entry no. 86; P. 6 of 40, entry no. 100;

On March 13, 2006, the insured contacted the Claims Office indicating that she was going to Houston.  See R. Doc. 23-6, P. 13 of 40, entry nos. 68-69.  Plaintiff advised the Claims Office that her "contractor did not do her right."  See R. Doc. 23-6, P. 13 of 40, entry no. 69; R. Doc. 31-3, Response to Request for Admission No. 21;

On March 15, 2006, the insured came into the Claims Office advising again of concern about the contractor doing work on her home.  See R. Doc. 23-6, P. 13 of 40, entry no. 70; R. Doc. 31-3, Response to Request for Admission No. 21;

The claims representative explained to Plaintiff that State Farm had no control over the contractors who do the work at her house, or the materials that they use.  See R. Doc. 23-6, P. 13 of 40, entry no. 70;

Plaintiff also complained about additional damages being caused to her home as a result of the work being done by the contractor.  Plaintiff was advised to get her contractor to give her a

supplemental estimate and that if it was different than State Farm's previous estimates, the property could be re-inspected with a contractor.  See R. Doc. 23-6, P. 13 of 40, entry no. 70;

On March 16, 2006, Plaintiff called the Claims Office, at which time Erik Christiansen, a claims adjuster, contacted Plaintiff.  See R. Doc. 23-6, P. 12 of 40, entry nos. 71-72;

Plaintiff specifically advised about damages caused by her contractor's workmanship. See R. Doc. 23-6, P. 12 of 40, entry nos. 71-72;

Undersigned has requested that Plaintiff update her responses to discovery to provide the specifics related to this work.  See Exhibit "D-3".  Plaintiff has failed to update the responses to provide a single invoice for work actually performed at the subject residence, whether by the church group, any contractor, or any other person or other entity.  See Exhibit "D-3" in globo;

Undersigned counsel learned and Plaintiff counsel has confirmed that a church group had in fact performed some work at the subject property.  See e-mail from undersigned to Plaintiff counsel confirming that a church group had performed work at Plaintiff's residence attached hereto as Exhibit "D-3";

Plaintiff never made a single complaint about any damage to the siding on her home and none was discovered on any of the inspections of Plaintiff's property, two of which occurred with Plaintiff's own contractors.  See R. Doc. 23-6, P. 1-40, which contains no such complaint from plaintiff;

Cost Control estimated $113,218.65 in exterior damage at Plaintiff's residence, $109,450.71 of which is for the removal and replacement of asbestos siding, none of which was ever alleged to be damaged by Hurricane Rita.  See Exhibit "D-1"; see also R. Doc. 23-6, P. 1-40, which contains no such complaint from plaintiff;

The asbestos siding at the subject property was removed and at least partially replaced before Cost Control ever inspected the property.  See R. Doc. 23-8;

The asbestos siding has now been completely removed, and replaced with a different type of siding.  See photos of the subject property taken on April 27, 2009. See R. Doc. 23-7;

Kermith Sonnier has not inspected the residence that is the subject of this litigation as of the date of the filing of this Motion; and

There have been no supplemental estimates produced by Plaintiff as a result of any inspection by Kermith Sonnier;

In opposition to the subject Motion in Limine, plaintiff submits Sonnier's Affidavit, which does not dispute (1) that Kermith Sonnier has not inspected the residence that is the subject of this litigation as of the date of the filing of this Motion, (2) that there have been no supplemental estimates produced by Plaintiff as a result of any inspection by Kermith Sonnier, and (3) that Mr. Sonnier has never been trained or worked as an engineer, a physicist, a meteorologist, or in any other field that would qualify him to testify as to the cause of damage to a structure.   R. Doc. 29.    In fact, Mr. Sonnier's Affidavit says exactly what State Farm represented the facts were regarding his qualifications.

### d.  Depositions of Sonnier and Plaintiff

Lastly, Plaintiff Counsel is critical of undersigned counsel for not deposing Kermith Sonnier and Albertha Garrett.   Before current Plaintiff counsel enrolled in this matter, undersigned had actually scheduled and noticed the deposition of Tommy Greenlee.  See e-mail correspondence to Plaintiff counsel arranging for and confirming deposition of Tommy Greenlee for July 22, 2008 at 10:00 am attached hereto as Exhibit "D-4"; See Also Notice of Deposition attached hereto as Exhibit "D-5".  On July 15, 2008 undersigned received correspondence from

Plaintiff Counsel advising that the deposition of Greenlee was being cancelled due to "a conflict." See Exhibit "D-6".

Sometime thereafter, undersigned spoke with counsel for Plaintiff regarding rescheduling the deposition of Tommy Greenlee.  In response to this inquiry, undersigned counsel was advised by Plaintiff counsel that they were not producing Mr. Greenlee for deposition, but they would produce Kermith Sonnier.  Undersigned counsel then advised Plaintiff counsel that State Farm was interested in deposing the person who had actually inspected the property and prepared the estimate, at which time Plaintiff counsel again reiterated that they would not produce Mr. Greenlee for deposition.

Plaintiff has produced no estimate prepared by Kermith Sonnier and the deadline for producing expert reports has long passed.  Additionally, it is undisputed that, as of the date of filing the Motion in Limine seeking to exclude the Cost Control report and testimony of Kermith Sonnier, Mr. Sonnier had not inspected the subject property.  The Affidavit from Kermith Sonnier does not state that he has or will inspect the subject property. Undersigned has no interest whatsoever in deposing a witness regarding the subject property and the estimate pertaining thereto when the witness did not inspect the property or prepare the only estimate that has been timely provided in accordance with deadlines established by this court.

With respect to Plaintiff's deposition, this deposition has absolutely no bearing on whether the Cost Control estimate should be excluded.  The sole question is whether the estimate has an adequate foundation, and whether Kermith Sonnier can give testimony that is rationally based on his perception when did not inspect the property and prepare the questionable estimate. Further, the decision not to depose Ms. Garrett is based upon the documents that have been provided to undersigned counsel pursuant to Rule 26 of the Federal Rules of Civil Procedure,

through Answers to Interrogatories, Responses to Request for Admissions and Responses to Request for Production of Documents (or lack thereof), through Plaintiffs own statements made to others and based on documents discovered in the course of the handling of this file.

## **CONCLUSION**

Plaintiff has not disputed a single fact set forth in State Farm's Statement of Uncontested Facts submitted in support of the Motion in Limine to exclude the Cost Control Estimate and the testimony of Kermith Sonnier, because none of these facts are in dispute.   The affidavit of Sonnier submitted in response to the Motion confirms everything State Farm has represented to this Honorable Court regarding his qualifications.   Plaintiff has been given the opportunity to address the substance of the Statement of Uncontested Facts without submitting a single bit of evidence to dispute any of these facts.   The facts are substantiated by the record or Plaintiffs own statements.   The Statement of Uncontested Facts should not be stricken, but should be considered along with the evidence in the record, in determining whether the subject Motion in Limine has merit.

Respectfully submitted,
STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK, L.L.P.

BY:   s/Todd M. Ammons
TODD M. AMMONS
La. Bar Roll No. 21441
SOMER G. BROWN
La. Bar Roll No. 31462
One Lakeside Plaza, 4th Floor
Chase Building
P.O. Box 2900
Lake Charles, LA  70602

Attorneys for State Farm Fire and Casualty
Company

## **CERTIFICATE OF SERVICE**

      This certifies that a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following by operation of the court's electronic filing system.

          Jackie South
          501 Broad St.
          P. O. Box 3010
          Lake Charles, LA 70602
          Attorney for Plaintiff, Albertha Garrett.

Lake Charles, Louisiana on this 22nd day of May 2009.

          s/ Todd M. Ammons
          TODD M. AMMONS