### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALBERTHA GARRETT** | * | **CIVIL ACTION NO. 2:07-CV-1975** |
| **Plaintiff** | * | **JUDGE HAIK** |
| **VERSUS** | * | **MAGISTRATE METHVIN** |
| | * | |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### STATE FARM'S REPLY BRIEF IN SUPPORT OF
### MOTION IN LIMINE TO EXCLUDE THE COST CONTROL
### REPORT AND TESTIMONY OF KERMITH SONNIER

MAY IT PLEASE THE COURT:

State Farm respectfully submits the following Memorandum, with attached exhibits and further incorporates herein the Memorandum in Opposition to the Motion to Strike Statement of Uncontested Facts and exhibits attached thereto, in Reply to Plaintiff's Opposition to State Farm's Motion in Limine to Exclude The Cost Control Report and the Testimony of Kermith Sonnier,

### LAW AND ARGUMENT

Plaintiff apparently misunderstands the basis of State Farm's Motion, for Plaintiff counsel does not address the merits of the Motion, namely that there is no basis for the Cost Control Estimate and that Kermith Sonnier had not inspected the property, but only submits an Affidavit from Mr. Sonnier setting forth his qualifications. State Farm admits in its uncontested facts that Mr. Sonnier worked as an insurance adjuster in the past, and currently works as a

1

public adjuster on behalf of persons like Plaintiff.  State Farm does not dispute that Mr. Sonnier is qualified as an adjuster, and can give testimony within this field, that is, making inspections of property and preparing estimates.  On the other hand, State Farm takes issue with (1) the basis of the Cost Control report, (2) the basis for, and the method in which Mr. Sonnier must express, his opinions, and (3) whether he may be called upon to express opinions outside of his field.

In addition to the fact that the Cost Control report has no basis, State Farm specifically seeks to exclude Mr. Sonnier's testimony on the basis that "[K]ermith Sonnier, who did not prepare the estimate or inspect the property in question, should be precluded from testifying at trial." R. Doc. 23-2, P. 6 of 11.

## I.    <u>The Daubert Standard</u>

Expert testimony is admissible at trial if it "will assist the trier of fact to understand the evidence or to determine a fact in issue," and if the witness is "qualified as an expert by knowledge, skill, experience, training, or education."   Fed.R.Evid. 702.   Under *Daubert v. Merrell-Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993), the Supreme Court has made it clear that the district court must act as a gatekeeper, permitting only reliable and relevant evidence to be presented to the trier of fact.  See also Fed. Rules Evid. 104(a), 401, 402 and 702. Under *Daubert,* an expert's scientific theories and methodology must be measured against five factors to determine reliability: (1) whether the expert's method has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community.  *Id.* at 593-95.  The burden is on the proponent of the expert report or testimony to prove by a preponderance of the evidence that the testimony is reliable.  *Bourjaily v. United*

*States,* 483 U.S. 171, 175 (1987); *Mathis v. Exxon Corp.,* 302 F.3d 448, 459 (5th Cir. 2002). Although *Daubert* specifically addressed scientific testimony, the Supreme Court has held that the trial court's gate-keeping obligation also applies to nonscientific expert testimony, such as an engineer. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 148 (1999). In addition to the expert's qualifications, the Court in *Kumho* considered the methodology employed by the expert, the scientific basis for the analysis, and range of reasonable difference between experts. The Estimate at issue is subject to the same rigorous examination under *Daubert* as is expert testimony.

## II.    The September 20, 2007 Estimate and Sonnier's Testimony

The questions which are the subject of this motion are (1) the extent and cause of the damage to Plaintiff's property caused by Hurricane Rita and covered under State Farm's policy, and (2) what is the cost to repair these specific damages?  State Farm respectfully submits that the subject estimate is not and could not be probative to the issue of covered damage caused by Hurricane Rita and the cost of repairing this damage where the estimate was prepared under the undisputed circumstances set forth in the original memorandum in support of this motion. Further, there is no rational basis upon which Kermith Sonnier can give any opinions related to the property, as he was not the one that inspected it, and he did not prepare the subject estimate.

In the case of ***Huren v. Employers Mutual Cas. Co.***, 2009 WL 700201  (W.D. La. 3/13/2009), **Employers Mutual** sought to preclude Cal Chambers, a public property and casualty adjuster, from testifying as an expert adjuster at trial both on the basis that Chambers was not qualified to render an opinion as to causation and because his  opinions were unreliable. While Chambers performed the actual inspection of the subject property, **Employers Mutual** challenged the way in which Chambers came to his conclusions regarding the loss.

3

Plaintiff opposed the **Employers Mutual's** Motion noting that Chambers had been qualified as an expert claims adjuster in several courts, including the Western District of Louisiana. Plaintiff further asserted that Mr. Chambers based his opinion on an inspection of the home, and used the software program accepted in the industry to assign values to the alleged damage. Plaintiff also argued that Chambers had worked in insurance adjusting for five years, had extensive experience in adjusting hurricane-damaged homes and that Chambers worked in the construction business for fifteen years prior to becoming an adjuster.

The Court qualified Chambers as an expert claims adjuster. In doing so, the court stated that "although Mr. Chambers is not qualified to provide an expert opinion as to causation, he may testify as a lay witness under *Federal Rule of Evidence 701* as to his opinions on causation that are ***rational based upon his perception***." (emphasis added).

As set forth in State Farm's memorandum in support of the original Motion and supporting documents (R. Doc. 23), as well as in the documents referred to and submitted in Opposition to Plaintiff's Motion to Strike Statement of Uncontested Facts (R. Doc. 33), there is no reliable or rational basis upon which one could say that the Cost Control Estimate is accurate. The Estimate at issue is subject to the same rigorous examination under *Daubert* as is expert testimony, and does not meet the reliability standard set forth therein.

There is no dispute that the cost control estimate which is the subject of this Motion is based on an inspection of the subject property that occurred two years after Hurricane Rita (R. Doc. 33-2), that significant amounts of work had been done to the property between Hurricane Rita and the time of the inspection which is the basis for the estimate (R. Doc. 23-4; 23-6, P. 9 of 40, entry no. 86), that Plaintiff admits that additional damage had occurred to the property between Hurricane Rita and the time that the Cost Control inspection occurred and the subject

estimate was prepared (23-4), and that the person who actually perceived the property at the time the estimate was prepared will not testify at trial (R. Doc. 29).

According to Mr. Sonnier's affidavit, he is a public adjuster. R. Doc. 29.  Mr. Sonnier is not an engineer, and is not capable of making calculations necessary to determine the extent of the wind forces required to cause damage to Plaintiff's property.  He can, in accordance with Rule 701, give opinions that are rationally based on his perceptions.  Therein, however, lies the problem with his proposed testimony - ***Mr. Sonnier has not perceived anything with respect to this property***.  In the event he does inspect it, what he will see at this point will in no way resemble the condition of the property as it was immediately following Hurricane Rita. R. Doc. 23-7, p. 1-4, reflecting the current condition of the property.

It is incumbent upon Plaintiff counsel to establish (by a preponderance of the evidence) how the subject estimate or proposed testimony will assist a trier of fact in determining what damage may have been caused by Hurricane, and the cost of repairing this damage.  Neither the proposed estimate, nor the testimony of Kermith Sonnier, will assist the trier of fact where the estimate (1) is based on an inspection of the subject property that occurred two years after Hurricane Rita, (2) significant amounts of work had been done to the property between Hurricane Rita and the time of the inspection upon which the estimate is based occurred, (3) Plaintiff admits that additional damage not related to the Hurricane occurred to the property between Hurricane Rita and at time the Cost Control inspection occurred and the subject estimate was prepared, and (4) Plaintiff counsel has not listed the person who has inspected the property and prepared and the estimate to testify at trial regarding the inspection upon which the estimate is based.

Plaintiff must also show how the testimony of Kermith Sonnier could likewise assist a trier of fact where (1) although the expert disclosure/discovery deadlines have passed, he has not yet inspected the subject property, and prepared his own estimate; (2) significant amounts of work have been done to the property between Hurricane Rita and present; (3) Plaintiff admits that additional damage had occurred to the property between Hurricane Rita and at the time the Cost Control inspection occurred and the subject estimate was prepared; (4) Sonnier did not prepare the estimate that is the subject of this Motion; and (5) Sonnier has no personal knowledge of the subject property and its condition immediately following Hurricane Rita, nor does he have any personal knowledge of the condition of the property at the time it was inspected by Tommy Greenlee. Plaintiff cannot dispute any of these facts.

Finally, Plaintiff Counsel is critical of undersigned counsel for not deposing Kermith Sonnier. Plaintiff states that this is likely the reason for the subject Motion in Limine. Such an assertion is without any basis. Specifically, before current Plaintiff counsel enrolled in this matter, undersigned had actually scheduled and noticed the deposition of Tommy Greenlee. See R. Doc. 33-2. 19-23 of 24. On July 15, 2008 undersigned received correspondence from Plaintiff Counsel advising that the deposition of Greenlee was being cancelled due to "a conflict." R. Doc. 33-2, p. 24 of 24.

Sometime thereafter, undersigned spoke with counsel for Plaintiff regarding rescheduling the deposition of Tommy Greenlee. In response to this inquiry, undersigned counsel was advised by Plaintiff counsel that they were not producing Mr. Greenlee for deposition, but they would produce Kermith Sonnier. Undersigned counsel then advised Plaintiff counsel that State Farm was interested in deposing the person who had actually inspected the property and prepared the

estimate, at which time Plaintiff counsel again reiterated that they would not produce Mr. Greenlee for deposition.

Plaintiff has produced no estimate prepared by Kermith Sonnier and the deadline for producing expert reports has long passed.  Additionally, it is undisputed that, as of the date of filing the Motion in Limine seeking to exclude the Cost Control report and testimony of Mr. Sonnier, he had not inspected the subject property.  The Affidavit from Kermith Sonnier does not state that he has or will inspect the subject property. Under these circumstances, undersigned has no interest whatsoever in deposing a witness regarding the subject property and the estimate pertaining thereto when the witness did not inspect the property or prepare the only estimate that has been timely provided in accordance with deadlines established by this court.

## CONCLUSION

Plaintiff has not disputed a single fact set forth in State Farm's Statement of Uncontested Facts submitted in support of the Motion in Limine to exclude the Cost Control Estimate and the testimony of Kermith Sonnier, because none of these facts are in dispute.  Plaintiff's Opposition to the subject Motion does not address the many flaws in the subject estimate that make it completely unreliable under Daubert.  Since the estimate is completely unreliable, since Plaintiffs have produced no report from Sonnier, since Sonnier had not inspected the subject property prior to the expert disclosure/discovery deadline, and since any inspection by Sonnier at this point would not reveal any information that might assist a trier of fact, the Cost Control estimate should be excluded, and Kermith Sonnier should not be allowed to testify, as there is no rational basis upon which he can testify regarding any damage to Plaintiff's residence.

Respectfully submitted,

STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK, L.L.P.

BY:   s/Todd M. Ammons
        TODD M. AMMONS
        La. Bar Roll No. 21441
        SOMER G. BROWN
        La. Bar Roll No. 31462
        One Lakeside Plaza, 4th Floor
        Lake Charles, LA  70602

        Attorneys for State Farm Fire and Casualty
        Company

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following by operation of the court's electronic filing system.

        Jackie South
        501 Broad St.
        P. O. Box 3010
        Lake Charles, LA 70602
        Attorney for Plaintiff, Albertha Garrett.

Lake Charles, Louisiana on this 22nd day of May 2009.

        s/ Todd M. Ammons
        TODD M. AMMONS